MICHEL J. A. BERTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107982. Promulgated December 29, 1942.

*Nathan Heims, C. P. A.*, for the petitioner.
*F. S. Gettle, Esq.*, for the respondent.

*Raymond F. Garrity, Esq.*, filed a brief as *amicus curiae.*

OPINION.

DISNEY, *Judge:* This proceeding involves income taxes for the year 1939. The Commissioner determined a deficiency of $1,886.46, all of which is in dispute. The issue presented is as to the proper method of computation of the more than six months' period of bona fide nonresidence of a citizen of the United States, within the purview of section 116 (a) of the Internal Revenue Code.[1] All of the facts were stipulated as follows:

1. The petitioner is an individual with his principal office at 26 Broadway, New York, New York.

2. The petitioner filed his 1939 income tax return with the Collector of Internal Revenue for the Second District of New York.

3. The taxes in controversy are income taxes for the calendar year 1939. The amount of the deficiency is $1,886.46, all of which is in controversy.

4. Petitioner is, and was during the year 1939, a citizen of the United States. During the year 1939 the petitioner was employed by the Socony-Vacuum Oil Co., Inc., of 26 Broadway, New York City, as a member of its Foreign Trade Committee. The petitioner's duties included traveling in European, South and Central American countries, visiting foreign offices, branches and agents of his employing corporation to assist in establishing and administering general policies and in working out their respective business problems.

5. During the year 1939 the petitioner's salary was deposited monthly by the Socony-Vacuum Oil Co., Inc., in the petitioner's bank account in New York City.

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

6. Petitioner, in the course of his employment, was absent from the United States for a period of 186 days during the calendar year 1939. In his 1939 tax return the petitioner prorated his salary of $30,000.00 received for his services on the basis of time spent within the United States and time spent outside the United States, as follows:

Salary, $\frac{179 \times \$30,000}{365}$ ----------------------------------- $=\$14,712.00$

Expense Applicable, $\frac{179 \times \$3,476.22}{365}$ ----------------- $=\ 1,702.50$

Salary reported as taxable income-------------------- $13,009.50

7. During the year 1939 the dates of the petitioner's departure from and his return to the United States were as follows:

| Departed | Returned | Days absent |
|----------|----------|-------------|
| Jan. 22 | Feb. 7 | 16 |
| Feb. 18 | June 29 | 131 |
| Nov. 10 | Dec. 19 | 39 |
| Total | | 186 |

8. The Commissioner determined the petitioner's salary income as follows:

| | |
|---|---|
| Amount received | $30,000.00 |
| Less expenses | 3,476.22 |
| Amount taxable | 26,523.78 |
| Amount reported in return | 13,009.50 |
| Income increased in deficiency notice | 13,514.28 |

It will be seen from the above facts that the petitioner, a citizen of the United States, was during the year 1939 absent from the United States for a total of 186 days during three trips, one trip of less than a month, that is 16 days, one of four months and eleven days, and another of one month and nine days. The petitioner contends that such absence amounted to more than the six months period designated by the statute, while the respondent argues that only full months can be counted, and that therefore the petitioner may have the benefit only of the four full months and the one full month, and therefore was not a nonresident for six months. No argument is made that temporary absences do not constitute non-residence, only the narrow point being presented that only full calendar months, and not days, may be included in the computation.

The respondent relies upon G. C. M. 22065, C. B. 1940–1, p. 100, set forth in the margin,[2] which denies to the taxpayer the use of frac-

---

[2] This office is, therefore, of the opinion that to come within the exemption provided by section 116 (a) a taxpayer must be absent from the United States for more than six *calendar* months. Where several trips are made by a taxpayer in any one year, only full calendar months of absence from the United States are to be recognized in computing time under the statute in question. For example, if a taxpayer leaves the United States on March 10 and returns on April 17, he will be deemed to have been absent from the United States for one calendar month for purposes of section 116 (a). On the other hand, if a taxpayer leaves the United States on March 10 and returns on April 5, the period of his absence being less than a calendar month may not be used in computing the number of whole calendar months such taxpayer was absent from the United States for the pur-

tional parts of a month in computing the six months' period. The rule there laid down is reiterated in I. T. 3424 (C. B. 1940-2, p. 119).

G. C. M. 12167, modified by G. C. M. 22065, was promulgated in 1933 and reads in part as follows:

In construing the phrase "a bona fide nonresident of the United States for more than six months during the taxable year," the Bureau has held that it applies to any American citizen who is actually outside the United States for more than six months during the taxable year. The absence need not be continuous, but may be made up of several trips where the periods of absence from the United States amount in the aggregate to more than six months during the taxable year.* * * [C. B. XII-2, p. 127.]

This language is identical with that found in G. C. M. 9848 (C. B. X-2, p. 178). It thus appears that from 1931 until the promulgation of G. C. M. 22065 in 1940, the rulings, construing a statute identical with that of section 116 (a) of the Revenue Act of 1938, permitted the absence from the United States to be made up of several trips, provided they "amount in the aggregate to more than six months during the taxable year," but that a change was made in 1940.

Upon brief the respondent says:

Clearly, the construction of the exemption provisions relating to bona fide nonresidents of the United States prior to the promulgation of *G. C. M. 22065*, *supra*, was erroneous and not in accordance with the decided cases and the provisions of the revenue statutes. * * *

He then argues in effect statutes may not be extended or enlarged under the general power to prescribe regulations, which can only carry into effect the will of Congress, and that a regulation not so doing is a nullity. *Manhattan General Equipment Co.* v. *Commissioner*, 297 U. S. 129, and other cases are cited as authority.

The respondent seeks to justify the change in the application of the rule in the form applied by the Commissioner in this proceed-

poses of the exemption provided in section 116 (a). Under this view, fractional parts of months from several trips may not be added to make whole calendar months, since whole calendar months must consist of consecutive days of absence from the United States in any *one* trip.

In the instant case, A, the taxpayer, took four trips during the taxable year 1937. He sailed to Europe on May 5 and returned on June 8, which period is to be treated as a whole calendar month for the purposes of the exemption. The second trip extending from June 16 to November 8 constitutes only four full calendar months. The period of absence from October 16 to November 8 is a fractional part of a calendar month and is not, therefore, to be recognized in the computation. The taxpayer's third and fourth trips, which were to Canada and which extended from November 26 to November 28 and from December 16 to December 18, respectively, may not be recognized for the same reason. It follows that A was absent from the United States during the taxable year 1937 for five whole calendar months. Accordingly, he was not a "bona fide nonresident of the United States for more than six months during the taxable year" and so fails to come within the exemption provided by section 116 (a), supra.

G. C. M. 12167 (C. B. XII-2, 126 (1933)), which involves exemption under section 116 (a) of the Revenue Act of 1928, and which is not consistent with the conclusion reached herein, is modified accordingly.

ing by cases such as *Sheets* v. *Selden's Lessee*, 69 U. S. 177, and *Guaranty Trust & Safe Deposit Co.* v. *Green Cove Springs & Melrose Railroad Co.*, 139 U. S. 137, to the effect that the word "month" is understood to mean a calendar month. The latter case involved publication of an order which was published for four lunar months, but eight days less than four calendar months, and the publication was held to be insufficient. It appears to us that the former G. C. M. was not erroneous, and that the latter is the one which, under the principles invoked by the respondent as above seen, is not in accord with the revenue statute.

Though it is, of course, true, as respondent suggests, citing cases, that the petitioner here, seeking a tax exemption, is confronted with the rule that tax exemptions are to be strictly construed, nevertheless, it is our opinion that the rule contended for by the respondent is not warranted by section 116 (a) and that the petitioner was a nonresident of the United States for more than six months within the intendment of the statute. Authorities merely to the effect that American jurisprudence considers the calendar month as against the lunar month by no means answer the question here at hand. The petitioner is not contending that anything more than six lunar' months is sufficient within the intent of the statute, for he was admittedly a nonresident for five calendar months, and for 36 additional days, and the narrow question here presented is whether' the 36 days, separated into three periods, being 16 days in January and February, 11 days in June, and 9 days in December, constitute more than the sixth month, within the meaning of the statute. The fact that, as in the *Guaranty Trust & Safe Deposit Co.* case, supra, a notice required to be published for four months is not given legal publication if published for less than four calendar months is of no assistance here. The words of the statute are to be taken with their ordinary significance, and we think that nonresidence "for more than six months during the taxable year" was not intended, and can not reasonably be viewed, as excluding, in the computation of the six months, all fractions of a month, as contended by the respondent. Section 116 (a) originated in section 213 (b) (14) of the Revenue Act of 1926, and so far as here concerned the two statutes are the same. The Congressional Committee Reports upon the Act of 1926 show that the intent was to increase foreign trade by excluding from gross income the income earned by those citizens of the United States while employed abroad in selling our merchandise, "if so employed for more than six months during the taxable year." (Rept. 1, Ways and Means Committee, and Report of Conference Committee, 69th Cong., 1st sess.) Certainly such a salesman (e. g., the petitioner) who, referring to a number of trips abroad during a year, remarks, in ordinary conversation, "I worked more than six

months in Europe and South America last year," does not in his mind eliminate fractions of a month, and we do not believe that Congress intended so to do. Had such been the intention, that body would, no doubt, have definitely so stated, as was done in section 25 (b) (3), Revenue Act of 1938, with reference to the change of a taxpayer's status as affecting personal exemption or credit for dependents, and apportionment thereof because of changes during the taxable year. The statute states:

* * * For the purpose of such apportionment a fractional part of a month shall be disregarded unless it amounts to more than half a month, in which case it shall be considered as a month.

In the absence of such language in section 116, we view G. C. M. 22065 and the contention herein made by the respondent as no reasonable interpretation of the language of the statute. Taxation is a realistic matter, it is often said; the respondent's view here is, in our opinion, the antithesis of realism. In addition to the five calendar months conceded, petitioner was absent 9/31 of a month in January, 7/28 of a month in February, 11/30 of a month in June, and 9/31 of a month in December. These fractions total more than a complete month.

In addition, though of course it is obvious from the language of section 25 (b) (3), Revenue Act of 1938, that it is applied only to the personal exemption under section 125 (b) (1), and the credit for dependents under section 25 (b) (2), it may logically be noted, merely in adjudging the reasonableness of the G. C. M. upon which the respondent relies, that application herein of the statutory rule of section 25 (b) (3) would give the petitioner the benefit of six months, since the sixteen-day period from January 22 to February 7, 1939, which the respondent in his computations disregards altogether as less than a month, is, under that statute, considered a month, since it is more than half a month. Such month with the four full months recognized by the respondent in the period from February 18 to June 29, 1939, and the one full month recognized by the respondent in the period from November 10 to December 19, 1939, makes a total of six months. Though plainly not the "personal exemption" actually referred to in section 25 (b) (3), the right claimed by the petitioner under section 116 is an exemption, and of course is personal to the petitioner as "an individual citizen of the United States." Section 116 says that he "shall be exempt" from taxation if a nonresident of the United States for more than six months, upon amounts received from sources without the United States. The situation here is closely parallel. Both sections involve personal exemption. The form of the statute in section 25 (b) is indication that the respondent's interpretation of section 116 (a) is without the bounds of fair construction. In the one Congress saw fit to disregard minor por-

tions, but not major portions, of a month; in the other it did not so legislate. It is not for us to supply judicial legislation. We conclude and hold that the petitioner was a bona fide nonresident of the United States for more than six months during the taxable year, and entitled to the exemption claimed.

*Decision will be entered for the petitioner.*