Philip D. Wilson v. Commissioner.
Wilson v. Comm'r
Docket No. 109951.
United States Tax Court
1943 Tax Ct. Memo LEXIS 325; 2 T.C.M. (CCH) 12; T.C.M. (RIA) 43213; May 4, 1943
*325 Joel Barlow, Esq., for the petitioner. E. M. Woolf, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined an income tax deficiency against the petitioner for the calendar year 1939 in the amount of $990.87. The only question presented for determination is whether the absence of the petitioner from the United States for a total of 192 days constituted a period of more than six calendar months during the taxable year within the meaning of section 116(a) of the Internal Revenue Code. [1] The respondent now concedes that under section 121 of the Revenue Act of 1942 his disallowance of the deduction of $132.15 representing commissions paid was in error. *326 The case was submitted on a stipulation of facts and the facts are found as stipulated. [The acts] The petitioner is an individual, with a residence at 2331 Twentieth Street, Northwest, Washington, D.C. His income tax return for the year 1939 was filed with the Collector of Internal Revenue at Baltimore, Maryland. The petitioner is, and was during 1939, a citizen of the United States. He was employed during 1939 by Pardners Mines Corporation, a Delaware corporation, as engineer to supervise the operation of nickel properties located in Cuba. He was so employed during the entire year of 1939, and performed engineering and managerial services both in the United States and in Cuba, receiving therefor a salary of $12,000. During the taxable year 1939 the petitioner was absent from the United States, performing engineering and managerial services for his employer, from January 1, 1939 to May 22, 1939, and from July 25, 1939 to September 13, 1939, making a total time of 192 days during which, according to the stipulation of the parties, the petitioner was a bona fide non-resident of the United States. In preparing his income tax return for 1939, the petitioner prorated his salary *327 of $12,000 on the basis of the time spent in performing these services in the United States and outside the United States thus: Salary: 139 (actual days worked in U.S.) or 46.34 per cent / 300 (working days in a year) X 12,000 : $5,560.80 Amount excludable from gross income - $12,000 less $5,560.80, or $6,439.20 Deductions allocable to or chargeable against amount excludable - None Salary reportable as taxable income - $5,560.80 According to his notice of deficiency, the respondent concluded that the petitioner had not been absent from the United States for six calendar months in 1939 and that section 116 (a), supra, was not therefore applicable. Having so concluded, he determined that the petitioner's entire salary for 1939 was subject to tax and computed the deficiency accordingly. [Opinion] The respondent argues that the petitioner was out of the United States only four months during his first absence and only one during his second absence, the effect of the argument being to exclude all periods of time except those beginning with the first day of a given month and extending through the last day of such month. By this process, the respondent claims that the petitioner *328 was out of the United States for only five months of the year within the meaning of the statute, regardless of the fact that he was actually absent for more than half of the entire year of 1939. Since the submission of this case, the question here argued has been decided adversely to the respondent in Michel J. A. Bertin, 1 T.C. 355, and that case is controlling here. Decision will be entered under Rule 50. Footnotes
1. SEC. 116. EXCLUSIONS FROM GROSS INCOME. In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter: (a) Earned Income from Sources Without United States. - In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25(a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.↩