JOHN BELL KEEBLE, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVID M. KEEBLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 112186, 112249. Promulgated December 29, 1943.

*John Bell Keeble, Jr., Esq.*, for the petitioners.
*Frank M. Thompson, Jr., Esq.*, for the respondent.

OPINION.

MELLOTT, *Judge*: These consolidated proceedings involve the following deficiencies in income tax for the calendar year 1940: John Bell Keeble, Jr., Docket No. 112186, $3,644.19; and David M. Keeble, Docket No. 112249, $497.78.

The sole issue is, Are petitioners entitled to have a fee for legal services, received in 1940, taxed under the provisions of section 107 of the Internal Revenue Code? The section, as originally enacted and as applicable here, is shown in the margin.[1]

---

[1] Section 107, Internal Revenue Code, added by section 220 of the Revenue Act of 1939:
SEC. 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.
(a) The Internal Revenue Code is amended by inserting after section 106 the following new section:
"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.
"In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership. and covering a period of five calendar years or more from the beginning to the completion of such services. (b) paid (or not less than 95 per centum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year

The facts are found to be as stipulated. Summarizing them, petitioners, members of a Nashville, Tennessee, law firm, were employed to assist a firm of Dayton lawyers in the prosecution of a case in the United States District Court at Nashville. The Dayton lawyers had been employed on December 17, 1934, but petitioners were not employed until April 17, 1935. The two firms were, so far as possible, to participate equally in rendering services and to share the compensation equally. The litigation was concluded on June 4, 1940, and an aggregate fee of $76,250 was collected. It was divided between the two firms, petitioners receiving $38,125, which was distributed in accordance with their partnership agreement.

The two law firms reported the receipt of the fee. The members of each computed the tax upon their respective shares of it in the manner prescribed by section 107. I. R. C., *supra*. The section was determined by the respondent to be applicable to the fee received by the Dayton lawyers but inapplicable to the fee received by petitioners.

The several charges of error set out in the petitions present two major contentions: One, that the two law firms constituted a partnership and, for present purposes, "the beginning date, i. e. the beginning of the employment and the work for both firms was December 17, 1934"; and, two, that even if April 17, 1935, be taken as the beginning date, the firm of Keeble & Keeble (petitioners) actually rendered services covering the period contemplated and required by the statute.

Petitioners' argument in support of their first contention proceeds substantially as follows: The compensation was paid to a partnership composed of the Dayton firm as one partner and their firm as the other; while their firm did not actually begin work until April 17, 1935, "they were accepted into partnership on a full 50–50 basis and the compensation paid to the partnership was compensation for all the work which was performed, the beginning date of which was December 17, 1934"; therefore, since the compensation was paid to a partnership for services covering the period specified in the statute, they correctly reported their portion of it as authorized by section 107, *supra*. Respondent urges that no real partnership was created and that there was "nothing more than a fee-splitting arrangement covering a single case." While we are inclined to agree with the respondent, petitioners, in our judgment, could not prevail upon the theory advanced, even if a partnership had been created. It did not come into existence earlier than April 17, 1935. It is equally clear that neither petitioner rendered any services prior to that date, either as "an in-

beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period."

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1938.

dividual in his individual capacity or as a member of a partnership." We pass, then, to a consideration of petitioners' second contention.

The controversy centers around subdivision (a) of the statute, which specifies, as the compensation which is to have the special treatment, that "received, for personal services rendered * * * covering a period of five calendar years or more from the beginning to the completion of such services." Respondent has construed this as requiring that "* * * at least five calendar years elapse during the period from the beginning to the completion of the services." [2] Therefore, in the examples which he gives, an individual beginning his services on July 1, 1934, and completing them on July 1, 1940, is entitled to the benefit of the section while one beginning his services on July 1, 1935 and completing them on July 1, 1940 is not. Thus, as petitioners point out upon brief and as respondent inferentially admits, an individual beginning his services on January 1, 1935, and completing them on December 31, 1939, will be accorded the benefit of the section though one beginning his services one day later and completing them 364 days later (January 2, 1935—December 30, 1940) will not.[3] In other words, one working precisely 60 months, if his services begin on January 1, may have the benefit of the section, while one working 71 months and 28 days may not.

The result is patently inequitable and should be approved only if clearly required by the language of the statute, construed in the light of general canons of statutory construction. Respondent places great emphasis upon the term "calendar year," insisting that it has a well defined and settled meaning when used in a revenue act. Cf. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359. Petitioners point out that some courts have construed it as meaning 365 days or 12 months, varying in length according to the common or Gregorian calendar. *Shaffner* v. *Lipinsky*, 138 S. E. 418 (N. C. 1927) ; *Geneva Cooperage Co.* v. *Brown*, 124 Ky. 16; 98 S. W. 279. As we view it, this question need not be labored. Even though "The same meaning need not always be attributed to a phrase, which, by hypothesis, has more than one meaning for purposes of statutory construction" (*Helvering* v. *Morgan's, Inc.*, 293 U. S. 121), we accept respondent's interpretation of the term and pass at once to a consideration of the sentence in which it is used.

Respondent, though denying that there is any ambiguity in the sentence or that resort should be had to canons of legislative con-

---

[2] Section 19.107-1 of Regulations 103 provides, *inter alia:*
"It is immaterial when the personal services are rendered provided at least five calendar years elapse during the period from the beginning to the completion of the services."

[3] In one of the examples given in the regulation where the services are completed July 1, 1940, it is said : "No portion will be allocated to 1940, since the whole of such year was not included within the period of service."

struction, insists the statute is one granting "a right to exemption from tax" and therefore that petitioners should be held to strict proof of their right to its benefit, since "provisions granting tax exemptions are to be strictly construed." *Helvering* v. *Northwest Steel Rolling Mills, Inc.,* 311 U. S. 46. Petitioners deny that they are seeking exemption from tax or that the section grants any exemption. Both parties are partially correct. The statute is remedial, granting relief to those coming within its terms. A remedial statute should be given a rational, sensible construction and one which will "give the relief it was intended to provide." *Bonwit Teller & Co.* v. *United States,* 283 U. S. 258; *F. Harold Johnston, Executor,* 33 B. T. A. 551; *Michel J. A. Bertin,* 1 T. C. 355. "Common sense interpretation is the safest rule to follow in the administration of income tax laws," *Rhodes* v. *Commissioner,* 100 Fed. (2d) 966; and "a desire for equality among taxpayers is to be attributed to Congress, rather than the reverse" *Colgate-Palm Olive-Peet Co.,* 320 U. S. 422. "All statutes must be construed in the light of their purpose. A literal reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose." *Haggar Co.* v. *Helvering,* 308 U. S. 389; *Helvering* v. *New York Trust Co.,* 292 U. S. 455; *Musselman Hub-Brake Co.* v. *Commissioner,* 139 Fed. (2d) 65 (C. C. A., 6th Cir., Dec. 1, 1943). What, then, was the relief which this statute was intended to provide?

The section was added by the Senate. The applicable portion of the report of its Committee on Finance (Rept. No. 648, 76th Cong., 1st sess.), is shown in the margin.[4]

The purpose of the statute is unmistakable. It is to relieve against the hardship resulting from taxing fully, in the year of receipt, compensation for services rendered for a period of five years or more. This is apparent not only from the Committee report but also from

---

[4] SECTION 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF 5 YEARS OR MORE.

It has been considered a hardship to tax fully the compensation of writers, inventors, and others who work for long periods of time without pay and then receive their full compensation upon the completion of their undertaking. Under existing law, such persons have their income for the whole period aggregated into the final year. This results in two inequities : First, only the deductions, expenses, and credits of the final year are chargeable against the compensation for the full period ; second, under our graduated surtax, the taxpayer is subjected to a considerably greater burden because of the aggregation of his compensation.

Section 220 of the bill provides that with respect to compensation for personal services rendered by an individual over a period of 5 or more years and which is paid only on the completion of such services the tax attributable to such compensation shall not be more than the aggregate of taxes which would have been paid had the income been received in equal portions in each of the years in the period. The provision is applicable only to cases where the compensation is required to be included in gross income of the individual for any taxable year beginning after December 31, 1938. However, there is no requirement relative to the year in which such services were commenced so long as the year in which the compensation is paid meets the above standard.

the title to the act. "While the title of an act will not limit the plain meaning of the text [citing cases], it may be of aid in resolving an ambiguity. *Knowlton* v. *Moore*, 178 U. S. 41." *Maguire* v. *Commissioner*. 313 U. S. 1. The general design and purpose of the statute must be kept in mind and its provisions should be given a fair and reasonable construction with a view to effectuating its purpose and object. *United States* v. *Missouri Pac. R. Co.*. 278 U. S. 269. 277; *Low Wah Suey* v. *Backus*, 225 U. S. 460. 475. The intention of Congress must be deduced not from a part but from the entire law; and where the intention, as here, is plainly discernible from the provisions of the statute construed as a whole. it should prevail over a construction which would lead to an absurd and inequitable result. *Holy Trinity Church* v. *United States*, 143 U. S. 457; *Hawaii* v. *Mankichi*, 190 U. S. 197. 212; *Barrett* v. *Van Pelt*. 268 U. S. 85. 90.

As we read the statute, it is not limited to cases where the services rendered by the taxpayer have covered five or more calendar years, as respondent has construed it. It extends to cases where the compensation received covers "a *period* of five calendar years or more from the *beginning* to the *completion* of such *services*" and where it is "paid only on *completion* of such services." The clear meaning is that the entire period of service is to be considered in determining whether a taxpayer comes within the statute. To say that the remedy extends only to services performed between January 1 and December 31 when the services were begun prior to January 1 or completed after December 31 is to deny a substantial part of the remedy afforded by the statute and is inconsistent with its express terms.

The period from the beginning to the completion of the services rendered by petitioner was 61 months and 18 days. Clearly it was more than five calendar years. In our judgment petitioners are entitled to the benefit of the section. This construction gives effect to the obvious purpose of Congress in enacting the statute and to its "desire for equality among taxpayers." *Colgate-Palm Olive-Peet Co.*, *supra*. By this construction full effect is given "to the presumption that the burden of taxation should fall equally and ratably upon all taxpayers. that equal protection of the law means the protection of equal laws. and that it * * * [was not intended] to tax one taxpayer at a much higher and more burdensome rate than it was to tax others." *United States* v. *Carroll Chain Co.*, 8 Fed. (2d) 529.

One other circumstance has inclined us to the view which we have taken. The section was amended by section 139 of the Revenue Act of 1942. The amendment is not applicable to the compensation received by these petitioners; but it is worthy of note that it was made to liberalize, rather than to restrict, the application of the principle of taxing income at the rates applicable when earned. In the new act the period

from the beginning to the completion of the services is expressed in months rather than in calendar years and the period is reduced—prospectively—to 36 calendar months. Congress recognized that the use of the expression "calendar year" in the earlier legislation had resulted "in an inequitable limitation of the scope" of the section and therefore it was eliminated. The new legislation had no effect upon the former and it does not cover the compensation received by these petitioners. It is nevertheless some slight indication that the Congress may not have intended that the term used by it should be applied and interpreted so as to bring about an inequitable result.

We are of the opinion and hold that the respondent erred in denying petitioners the right to compute their income in accordance with section 107, I. R. C., *supra*. Uncontested adjustments make it necessary that the deficiencies be recomputed.

*Decision will be entered under Rule 50.*