George S. Lavin v. Commissioner.
Lavin v. Commissioner
Docket No. 112630.
United States Tax Court
1944 Tax Ct. Memo LEXIS 331; 3 T.C.M. (CCH) 228; T.C.M. (RIA) 44081; March 14, 1944
*331 George S. Lavin, 33 N. La Salle St., Chicago, Ill., pro se. Carroll Walker, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent determined deficiencies in income tax of $875.29 and $150.99 for the calendar years of 1939 and 1940, respectively, and a negligence penalty of $43.76 for 1939. The issues involved are: (a) petitioner's right to apportion an item of income, received in 1939, under the provisions of section 107, I.R.C., as amended; (b) his right to deductions of $780 in each of the taxable years as expenses of a trade or business; (c) his right to deduct for 1940 certain losses in connection with an alleged business venture; and (d) his liability for a negligence penalty because of his method of computing tax upon the income reported by him for 1939. Findings of Fact The petitioner is a practicing attorney in Chicago, Illinois and a resident of that city. His returns for the periods here involved were filed with the collector of internal revenue for the first district of Illinois. Petitioner in his 1939 income tax return included, among other items of income, an amount of $21,430. This represented a fee for legal services *332 paid to him by the Western Casualty Company on November 15, 1939 in full compensation for services rendered that company in a matter before the Illinois State Tax Commission. These services began on October 15, 1934 and continued throughout the balance of that year and through 1935, 1936, 1937, 1938 and that part of 1939 up to and including November 1, 1939. Petitioner, in computing the tax due upon this item of income, apportioned the same over the five year period under the provisions of section 107, I.R.C., as amended. In determining the deficiency respondent has included this item of income as taxable at rates for 1939 and has determined a negligence penalty of $43.76 upon the ground that petitioner willfully disregarded his regulations in his computation of the tax. In his return for each of the taxable years 1939 and 1940 petitioner deducted the sum of $780 as incidental necessary business expenses paid by him in his practice of law. He claims these expenses consisted of the cost of taxicab fare from his office to the various courts in which he practiced and the cost of entertaining clients and witnesses in the course of trial or preparation of his cases. Petitioner kept no *333 itemized record of these individual expenses. He drew checks to cash for money in pocket to meet incidental business and personal expenses. The amount paid out for personal expenses was not segregated in any way from that paid for incidental business expenses, but the fund so drawn was carried by petitioner in pocket and paid out for expenses of either character. The amount so drawn and used for personal and business expenses amounted to $1,828.14 for 1939 and $1,985.25 for 1940. The ascertainment by petitioner of the amount of $780 in each year, as representing that portion of the fund spent for necessary business expenses, was arrived at without reference to individual items of expenditure but upon the basis of his personal estimate of the approximate amount of the money so carried by him which was spent for that purpose. None of the funds so drawn and carried by petitioner in pocket were expended for the upkeep of his home or maintenance of his family, all such expenses being paid by check drawn for that specific purpose. In January 1939 petitioner, together with his son and brother-in-law, organized a corporation known as Howard Z. Lavin, Inc., engaged in the business of jobbing *334 ladies hosiery. This corporation had an authorized stock issue of 100 shares no par value stock, 30 of which were acquired by petitioner upon the organization of the company at a cost of $1,000. Thirty shares were issued to petitioner's son in consideration for certain services rendered and accounts turned over to the corporation. Petitioner's brother-in-law, Arthur Helfer, purchased 30 shares for $1,000. Howard Z. Lavin, Inc., operated at 323 S. Franklin Street, Chicago, Illinois, until June 1, 1939 when it moved to Washington and State Street. On May 31, 1939, at a meeting in the company's offices, there was discovered a shortage in inventory of $500 and Arthur Helfer expressed dissatisfaction with the management of the company and offered to sell his stock. Thereupon petitioner purchased the 30 shares of stock held by Helfer for $1,000, the price originally paid therefor, and Helfer thereupon endorsed his stock certificate in blank and delivered it to petitioner. Payment of the $1,000 due Helfer for the stock was made on the following 24th of August. On December 5, 1939, petitioner purchased an account owing by Howard Z. Lavin, Inc., to Dan Odens and Seymour Odens in the sum *335 of $1,200. The consideration paid therefor was $200. Howard Z. Lavin, Inc., continued operations until the Spring of 1940 when it ceased business and was liquidated. In this liquidation the assets were insufficient to pay all creditors. Nothing was paid upon the $1,200 account due from the company and for which petitioner had paid $200. No distribution was made to petitioner upon his stock originally purchased or that later acquired from his brother-in-law. Opinion The facts in issue (a) are identical with those in the recent case of John Bell Keeble, Jr., 2 T.C. 1249, and respondent is concluded by our decision therein. We, accordingly, hold that petitioner was entitled under section 107 of the I.R.C., as amended, to apportion over a five year period the legal fee received in 1939. Upon issue (b) it must be said that the record is lacking in proof of any exact or even approximate amount expended by petitioner in either 1939 or 1940 as ordinary and necessary expenses of his business. The $780 deducted by petitioner as such in each of those years, and here disputed, was based upon a mere estimate of what he expended. We are convinced, however, that *336 he did spend some amount in meeting these expenses in each of the taxable years. In view of that conviction and adhering to the rule announced in Cohan v. Commissioner, 39 Fed. (2d) 540, we find that petitioner expended $200 in each of the tax years as ordinary and necessary business expenses and is accordingly entitled to deduct the same in redetermining the contested deficiencies. Upon issue (c) the facts, we believe, support petitioner's contention that he sustained a long-term loss in 1940 with respect to his stock investment of $2,000 in Howard Z. Lavin, Inc. Sec. 117 (a) and Sec. 23 (g) (2), I.R.C. Respondent argues that the organization of this company and petitioner's purchase of stock in it were not for profit but to help his son. He also urges that the purchase of Helfer's stock occurred on August 24, 1939, and not on May 31 of that year - thus making the loss, if any, a short-term loss and not deductible because of the absence of a short-term gain against which to charge it. Sec. 117 (d) (2), I.R.C. Despite the fact that petitioner had in mind that this new company should employ his son as manager, we are satisfied that its organization *337 and petitioner's purchase of stock in it were for profit. Nor do we agree with respondent's other contention. It is true petitioner paid his brother-in-law, Helfer, for the stock on August 24, 1939. The record, however, clearly shows that petitioner purchased the stock on May 31, 1939, and that delivery of the shares was made to him on that date. With respect to the investment by petitioner of $200 in purchase of a $1,200 outstanding account due by Howard Z. Lavin, Inc., the facts are too meager for us to determine whether this transaction was entered into for profit, and, if so, whether or not petitioner's failure to receive anything on this account in the liquidation of the debtor company was due to an insufficiency in assets or to his voluntary withholding of the account from the distribution. It is our conclusion that in 1940, the year in which Howard Z. Lavin, Inc., ceased doing business and was liquidated, petitioner is entitled to the deduction of his loss of $2,000 on his stock investment but that there is insufficient proof to support his deduction, as an allowable loss, of the $200 paid by him for the Odens account. The final issue upon the imposition of the negligence *338 penalty is determined by our holding that petitioner was not negligent, but correct, in prorating the legal fee received by him in 1939 over the five year period of service rendered, as permitted by section 107 of the I.R.C., supra. Decision will be entered under Rule 50.