FRANK M. SLOUGH AND JOSEPHINE C. SLOUGH, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. HELEN SLOUGH JUERGENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2562, 2563. Promulgated April 4, 1944.

*Frank M. Slough* and *J. Helen Slough Juergens*, for the petitioners. *Lawrence R. Bloomenthal, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: These consolidated proceedings involve income tax deficiencies for the calendar year 1940. In Docket No. 2562 respondent determined a deficiency of $1,201.82 against petitioners Frank M. Slough and Josephine C. Slough, husband and wife. Docket No. 2563 involves a deficiency against J. Helen Slough Juergens in the amount of $138.07.

The sole issue is whether the respective petitioners are entitled to

the benefits of section 107 of the Internal Revenue Code. The facts were stipulated and are so found.

The petitioners are individuals residing in Cleveland, Ohio. Their returns for the period here involved were filed with the collector of internal revenue for the eighteenth district of Ohio. During all the times material petitioners Frank M. Slough and J. Helen Slough Juergens were members of a patent law partnership. Continuously throughout the period from January 20, 1934, through September 1940, this partnership rendered services for Alexander Rava, an inventor. The total fee received for these services was $20,875. Of this amount $1,500 was received on October 15, 1940; $10,000 on October 22, 1940, and the balance of $9,375 on January 21, 1941. Of the sum of $11,500 received in the year 1940, $7,667 was paid by the firm to Frank M. Slough and $3,833 was distributed to J. Helen Slough Juergens.

On the joint income tax return filed by petitioners Frank M. Slough and Josephine C. Slough, his wife, for the calendar year 1940, the tax was computed by applying the provisions of section 107 of the Internal Revenue Code to the amount of $7,667, and the petitioner, J. Helen Slough Juergens, on her individual income tax return for that calendar year also computed the tax by applying the provisions of such section to the $3,833, her distributive share of the fee.

The sum of $11,500 received from Alexander Rava in the taxable year 1940 was 55.09 percent of the total fee received for the services performed under the Rava retainer.

The personal services performed by the law firm, of which petitioners Frank M. Slough and J. Helen Slough Juergens were members, covered a period in excess of five calendar years.

Petitioners claim and respondent has denied them relief for 1940 under section 107 of the Internal Revenue Code, as added by section 220 of the Revenue Act of 1939.[1]

These undisputed facts present a question not heretofore before this Court. That question is whether a taxpayer receiving less than 95 percent of the total fee for personal services in the taxable year,

---

[1] SEC. 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

(a) The Internal Revenue Code is amended by inserting after section 106 the following new section:

"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

"In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from the beginning to the completion of such services, (b) paid (or not less than 95 per centum of which` is paid) only on completion of such services, and (c) required to be included in gross income of such individual for *any taxable year* beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period." [Italics supplied.]

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1938.

after the completion of such services, is entitled to the benefits of section 107 of the Internal Revenue Code, *supra*. The petitioners were on the cash basis. Together they received only 55.09 percent of the total compensation upon final completion of the services in the taxable year 1940 and each returned his allocable share thereof for Federal income tax purposes on such basis for that year as was required by law. The balance was received in the year 1941. The petitioners contend it is unreasonable to construe section 220 as precluding their relief. They point out that if their client had paid them the total compensation when the services were completely performed they would be entitled to the benefits of the section. Therefore, they argue that a mere delay of a few months between the first and final payments ought not to deprive them of the relief granted by the statute. The weakness of this argument is that Congress has provided relief only for those meeting the conditions prescribed.

It is true that the quoted section is a provision for the relief of taxpayers and, as such, must be liberally construed so as to accomplish the result which Congress intended. *John Bell Keeble, Jr.*, 2 T. C. 1249. But that canon of construction is no authority for petitioners' position. We can not change the law. We can not ignore the absence here of the very essence of the "hardship" the act sought to and did relieve. The essence of that "hardship" was the taxing of such compensation *as an aggregate in one year*. Congress made this clear by subsection (c) of the quoted legislation, in which it provided as a condition to the extension of the relief that the compensation be "required to be included in gross income of such individual for *any taxable year* beginning after December 31, 1938." (Emphasis supplied.)

It is not enough that the compensation to which the act applies shall have been received on completion of the services. Such compensation must also be taxable in a single taxable year.

We think the statute in this respect is unambiguous. In fact, this Court has already so intimated. In *John Bell Keeble, Jr., supra,* we said:

The purpose of the statute is unmistakable. It is to relieve against the hardship resulting from taxing fully, in the year of receipt, compensation for services rendered for a period of five years or more. * * *

See also *Estate of Edward W. Clark, III*, 2 T. C. 676.

Respondent has so construed the act in his Regulations 103, section 19.107–1. That section reads, *inter alia:*

Section 107 is applicable only where at least 95 percent of the total compensation for such services is paid on or after their completion, and is received in a taxable year beginning after December 31, 1938.

Mertens in his Law of Federal Income Taxation is likewise categorical in discussing the provision. Vol. 1, section 8.11, contains the following:

During recent years attention has been centered on the hardship created by *taxing fully in the year of payment* the compensation of writers, inventors and others who work for long periods of time without pay and then receive their full compensation upon the completion of their undertaking.· The 1939 Act, amending the Code, contains a new provision under which *in such circumstances* the tax attributable to such compensation shall not be more than the aggregate of taxes which would have been paid had the income been received in equal portions in *j*ach of the years in the period.. This provision is applicable only to cases where *the compensation* is required to be included in the gross income of the individual *for any taxable year* beginning after December 31, 1938. [Emphasis supplied.]

If, however, the statute in this respect were ambiguous, our construction is amply supported. In the Report of the Senate Finance Committee (Rept. No. 648, 76th Cong., 1st sess.) appears the following:

SECTION 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF 5 YEARS OR MORE.

It has been considered a hardship to tax fully the compensation of writers, inventors, and others who work for long periods of time without pay and then receive their full compensation upon the completion of their undertaking. Under existing law, such persons have their income for the whole period *aggregated into the final year. This results in two inequities: First, only the deductions, expenses, and credits-of the final year are chargeable against the compensation for the full period; second, under our graduated surtax, the taxpayer is subjected to a considerably greater burden because of the aggregation of his compensation.* [Emphasis supplied.]

Section 220 of the bill provides that with respect to compensation for personal services rendered by an individual over a period of 5 or more years and which is paid only on the completion of such services the tax attributable to such compensation shall not be more than the aggregate of taxes which would have been paid had the income been received in equal portions in each of the years in the period. The provision is applicable only to cases where the compensation is required to be included in gross income of the individual for any taxable year beginning after December 31, 1938. However, there is no requirement relative to the year in which such services were commenced so long as the year in which the compensation is paid meets the above standard.

Our construction is further reinforced by section 139 of the Revenue Act of 1942 [2] and the committee reports accompanying that act.[3]

[2] SEC. 139. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE.
(a) Section 107 is amended to read as follows:
"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE.
"(a) PERSONAL SERVICES.—If at least 3ö per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

[3] SECTION 140. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF 36 MONTHS OR MORE.
This section which corresponds to section 128 of the House bill, amends section 107 of the Code, relating to the taxation of compensation for personal services rendered over a period of five calendar years or more.
The existing law provides that if an individual renders personal services covering a

Section 139 amended section 107, I. R. C. It was intended to liberalize and not restrict the conditions under which the relief was granted. It reduced the five-year period; the percentage required to be received or accrued, and thus taxed, in the taxable year; and eliminated "only on completion of such services." But the nub of the "hardship" to be relieved was still the taxing of such compensation as an aggregate in one year. Thus, even under this liberalizing amendment the petitioners would have no standing, since the required percentage of the compensation was not received or accrued in the taxable year.

Congress had the right to, and did, expressly limit the relief granted to those taxpayers meeting certain specific conditions. Despite the fact that relief to taxpayers was thus intended, petitioners must meet those conditions to be entitled to the relief. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. One of these conditions was that the taxpayer receive at least 95 percent of the compensation after the completion of the services and be required to return it for Federal income tax purposes in the taxable year. Since these petitioners do not meet this condition, they were properly denied relief.

In the case of *Harry L. Additon*, 3 T. C. 427, some work was performed by petitioners after receiving the compensation. We decided, however, that because petitioners had completed the services for which they had been paid and no compensation was payable or paid for the subsequent incidental services, the act applied. But

period of five calendar years or more and on completion thereof receives at least 95 per cent of the compensation therefrom, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the calendar years included in such period. *It is believed that the use of the term "five calendar years" results in an inequitable limitation of the scope of such section and that there are also other restrictions in the existing law which prevent a proper application of this relief provision.*

As revised by your committee, section 107 (a) provides that. with respect to taxable years beginning after December 31, 1941, if at least 80 per cent of the total compensation for personal services covering a period of 36 calendar months or more (from the beginning to the completion of such services) *is received or accrued in one taxable year by an individual or a partnership,* then the tax attributable to any part of the amount received or accrued in such year, which is included in the gross income of any individual, shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period of the services which precedes the date of such receipt or accrual. Thus, for example, if an individual commences personal services on July 1, 1941, and completes them on July 1, 1944, and is paid $8,000 for such services on April 1, 1943, he is entitled to the benefits of section 107 (a), provided the $8,000 is at least 80 per cent of the total compensation paid or to be paid for such services; and the tax attributable to the $8,000 received in 1943 shall not be greater than the tax attributable to such amount, had it been received ratably over the period from July 1, 1941, to April 1, 1943. On the other hand, if such individual receives an additional $5,000 in 1944 for such services, he is not entitled to the benefits of section 107 (a) because he does not include in gross income for one taxable year at least 80 per cent of the total compensation for such services. *Also, if an individual commences personal services on July 1, 1941, and completes them on July 1, 1947, the total compensation for such services being $100,000, and if he receives $50,000 on August 1, 1944, and $50,000 on August 1, 1947, he is not entitled to the benefit of section 107 (a) for the reason that he does not include in gross income for one taxable year at least 80 per cent of the total compensation.* [Emphasis supplied.]

there the compensation was all received and returned in the taxable year. Thus the question with which we are now concerned was not present.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

SMITH, *J.*, concurs only in the result.

---

MURDOCK, *J.*, dissenting: The prevailing opinion interprets section 107 as requiring that the total compensation for the completed work (except up to 5 percent paid in advance) must be received in one taxable year. I find no such requirement in the section. The applicable provisions, paraphrased somewhat for simplicity, are as follows:

In the case of compensation—

(a) received for personal services covering a period of five years or more,

(b) paid (or not less than 95 percent of which is paid) only on completion of such services, and

(c) required to be included in gross income for any taxable year beginning after December 31, 1938,

the tax attributable to such compensation shall not be greater than the total tax had such compensation been spread ratably over the period during which it was earned.

The requirement about 95 percent is in (b). Its purpose and effect is to prevent the application of this relief provision where more than 5 percent of the compensation has been paid prior to completion of the services for which it was paid. There is no requirement that 95 percent or any other percent be received in one year. The principal purpose of. (c) is to fix the first year for which the relief becomes applicable. The words therein, "any taxable year," are not to be read as "any *one* taxable year." The statute ought to be applied just as it is written.

The quotations in the prevailing opinion from the *Keeble* case, the regulations, and Mertens were obviously the product of minds not on this particular question. The change in the 1942 Act and the legislative history of that act support the view taken in this dissent. That is, the law had to be changed before it included a requirement that a certain percentage of the total compensation for the completed work had to be received in one taxable year. The change shows how clearly Congress could express that requirement when it wanted to, and it shows by comparison that Congress expressed no such requirement in the provision which is applicable here.

HARRON and OPPER, *JJ.*, agree with this dissent.