RALPH G. LINDSTROM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

KATHERINE LINDSTROM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 188, 189.   Promulgated April 27, 1944.

*Ralph G. Lindstrom, Esq.,* for the petitioners.
*Byron M. Coon, Esq.,* for the respondent.

OPINION.

ARNOLD, *Judge*: Section 107 was added to the Internal Revenue Code by section 220 of the Revenue Act of 1939, set forth in the margin.[1] The amendment of section 107 by section 139 of the Revenue Act of 1942 does not apply as it relates only to taxable years beginning after December 31, 1940.

Respondent contends that petitioners are not entitled to the benefits of section 107 because (a) the services have not yet terminated; (b) the $25,000 fee is less than 95 percent of the total of the amounts received ($25,000 plus $3,772.45); and (c) the services of Ralph G. Lindstrom were commenced less than five years prior to the receipt of the fee in question. Our interpretation of the statute makes it unnecessary to consider respondent's arguments (a) and (b), as it is our opinion that respondent must be sustained under (c), *supra.*

Petitioners concede that Ralph G. Lindstrom rendered no legal services in earning the fee prior to May 1, 1936. Our findings show that Lindstrom became a member of the partnership of Eckman and Lindstrom on the latter date. The findings further show that one of the cases brought into the partnership by Eckman was the super-

---

[1] SEC. 220. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

(a) The Internal Revenue Code is amended by inserting after section 106 the following new section:

"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF FIVE YEARS OR MORE.

"In the case of compensation (a) received, for personal services rendered by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from the beginning to the completion of such services, (b) paid (or not less than 95 per centum of which is paid) only on completion of such services, and (c) required to be included in gross income of such individual for any taxable year beginning after December 31, 1938, the tax attributable to such compensation shall not be greater than the aggregate of the taxes attributable to such compensation had it been received in equal portions in each of the years included in such period."

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1938.

vision of the creditors' trusts and the planning and working out of a compromise settlement with the creditors. Lindstrom and the partnership, therefore, had absolutely no part in earning the fee prior to May 1, 1936. The statute applies in cases of compensation received for personal services rendered "by an individual in his individual capacity, or as a member of a partnership, and covering a period of five calendar years or more from the beginning to the completion of such services * * *." Lindstrom's services individually and as a member of a partnership did not cover a period of five years or more. The services of the partnership did not cover a period of five year or more.

The only way that Lindstrom could meet the requirements of section 107 would be to tack Eckman's individual services onto the services rendered by the partnership. We do not believe the relief afforded by section 107 covers a situation such as that presented here. The personal services rendered by the individual must cover a period of five years or more from beginning to completion of the services (1) in his individual capacity, or (2) as a member of a partnership. He can not add to his services as a partner the individual services of another partner rendered prior to the creation of the partnership and thereby procure the benefits of section 107. Cf. *Frank M. Slough*, 3 T. C. 565; *Harry L. Additon*, 3 T. C. 427; *John Bell Keeble, Jr.*, 2 T. C. 1249; and *Estate of Edward W. Clark, III*, 2 T. C. 676.

*Decisions will be entered for the respondent.*