**BERGH et al. v. PEDRICK, Collector of Internal Revenue.**

District Court, S. D. New York.
March 7, 1947.

Turnbull & Bergh, of New York City (John G. Turnbull, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (John F. Ryan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

HINCKS, District Judge.

The only open question is one of law. In Sec. 107(c) of the Internal Revenue Code as it stood in 1939 and 1940 (see historical note to 26 U.S.C.A. Int.Rev.Code, § 107), does the treatment accorded compensation required to be included in gross income "for *any* taxable year beginning after December 31, 1938" mean any *one* or *single* taxable year as contended by the defendant or does it mean any *one or more* taxable years as contended by the plaintiffs?

Concededly, Slough v. Commissioner, 6 Cir., 147 F.2d 836, directly supports plaintiffs' position. But that case reversed a (divided) decision by the Tax Court, Slough v. C. I. R., 3 T. C. 565, which I am persuaded was sound and correct.

The Tax Court quotes from the Report of the Senate Financial Committee on the provisions of the 1939 Act (Rep. No. 648, 76th Cong., 1st Sess.), which showed Congressional solicitude for "writers, inventors, and others who work for long periods of time without pay and then receive their full compensation upon the completion of their undertaking. Under existing law, such persons have their income for the whole period aggregated *into the final year*" (emphasis supplied).

Thus definitely Congress had in mind not a succession of taxable years which might well equal or exceed in number the years included in the work period but a single taxable year which should be the "final year."

The objective of the 1942 amendment, Sec. 139 of the Revenue Act of 1942. 26 U.S.C.A. Int.Rev.Code, § 107, as stated in the Report of the Senate Finance Committee, is also highly significant. It was stated thus:

"It is believed that the use of the term 'five calendar years' results in an inequitable limitation of the scope of such section and that there are other restrictions in the existing law which prevent a proper application of this relief provision."

Under the 1942 amendment the relief available to the taxpayer is expressly—and concededly—limited to compensation "received or accrued in *one* taxable year." This is a restriction upon the taxpayer not included in the 1939 Act construed as plaintiffs would have me construe it. But since the Senate Report shows that the 1942 Act was designed to liberalize, not restrict, I can only conclude that the plaintiffs' contention is not correct.

My conclusion involves not the slightest change in the text of the 1939 Act. The plaintiffs, however, contend for a construction of the phrase "any taxable year" which involves a change of the singular into the plural, viz: "any taxable years."

I agree with the plaintiffs that Civiletti v. Commissioner, 2 Cir., 152 F.2d 332, is not apposite; there the services had not been fully completed. But Smart v. Commissioner, 2 Cir., 152 F.2d 333, shows that the court in this circuit recognized that the language of the 1942 Act, "in *one* taxable year," was explicitly restrictive and that instead of assenting to the doctrine of the Slough case, it reserved decision upon the precise point involved here.

The Supreme Court cases cited by the plaintiffs are not in point.

The defendant may submit for entry findings and conclusions consistent with the foregoing.