E. A. TERRELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19679.   Promulgated April 10, 1950.

*Richard E. Thigpen, Esq.,* and *Arthur M. Jenkins, Esq.,* for the
petitioner.

*Paul E. Waring, Esq.,* for the respondent.

574

[redacted]

OPINION.

MURDOCK, *Judge*: There is no question involved herein of the amount, reasonableness, or propriety of the compensation received in 1944 by the petitioner. The only issue is whether it is taxable under section 107 (a).[1] The amount was compensation for personal services covering a period of thirty-six calendar months or more, was received by an individual in one taxable year, and was included in his gross income for that year. There seems to be no dispute about the above facts. The Commissioner contends, however, that it was just like the petitioner's other salary for 1944 and did not constitute 80 per cent of the total received in 1944. He cites no authority which supports this contention.

Congress added section 107 to the code by the Revenue Act of 1939, section 220. The Senate Committee on Finance, which was responsible for the new provision, said:

It has been considered a hardship to tax fully the compensation of writers, inventors, and others who work for long periods of time without pay and then receive their full compensation upon the completion of their undertaking. Under existing law, such persons have their income for the whole period aggregated into the final year. This results in two inequities: First, only the deductions, expenses, and credits of the final year are chargeable against the compensation for the full period; second, under our graduated surtax, the taxpayer is subjected to a considerably greater burden because of the aggregation of his compensation. [See S. Rept. No. 648, 76th Cong., 1st sess., p. 7.]

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

The present case comes precisely within the intent of Congress as expressed in section 107 (a) and in the above explanation of its purpose. Here the petitioner undertook a special task, separate and distinct from all others, and especially from his regular duties as president and general manager of the corporation. It required much of his spare time over a long period. The compensation was entirely separate and distinct from his regular salary for regular services as an officer of the corporation. The very hardship which Congress had in mind will result if the relief intended by section 107 (a) is not afforded him. Cf. *John Belle Keeble, Jr.*, 2 T. C. 1249.

The record shows that the personal services were sufficiently distinct and separate from the petitioner's duties and services as an officer of the corporation to regard them separately for the purpose of section 107 (a). Cf. *George J. Hoffman, Jr.*, 11 T. C. 1057, in which the services were held inseparable.

*Decision will be entered under Rule 50.*