## JOHN EDWARD MARSH

*v.*

## ROLPH MARSH et al.

[Decided May 29th, 1913.]

While the maximum rates of commission allowed to a trustee are fixed by statute, the actual rate allowed is within the court's discretion, depending upon the actual trouble, risks, &c., incurred, according to the particular circumstances.

---

*Mr. Cornelius Doremus*, for the complainant, John Edward Marsh.

*Mr. William D. Edwards*, for the defendant Charles Capron Marsh.

*Mr. Alfred F. Skinner,* for the defendant Cordelia Bibb.

*Mr. Albert C. Wall,* for the defendants Rolph and William Y. Marsh.

*Mr. Frank G. Turner,* for the defendant Frieda Marsh Young.

*Mr. Harlan Besson,* as special guardian for the defendant Lawrence Copley Shaw.

LEWIS, V. C.

The application in this matter is for the court to fix final commissions for the trustee in the estate of John Edward Marsh. The trustee has devoted his entire time to this large estate, which started with a *corpus* of $900,000, and has been brought to the point where the total passing through his hands has amounted to approximately five millions of dollars. It is true that the heirs, some of them, have urged the earlier closing up of the affairs, and distribution of the proceeds; but the trustee has, under the powers given him by the will, used his judgment and held the bulk of the estate until it has become very valuable. There is no charge of dishonesty or betrayal of trust. The trustee, and those associated with him, both of whom have died, have received, from time to time, commissions, and under the statutory allowances, taking a maximum, the figures as now due, are the sum of forty-two thousand and fifty-two dollars and seventy-five cents ($42,-052.75). This would be, upon a basis or percentage, as follows: Upon *corpus,* two and one-half per cent.; upon income, five per cent.; upon income upon special trust fund, five per cent.

It is urged by the solicitors of the defendants that the trustee is not entitled to this, because of the large commissions previously allowed; and the court is constrained to agree with them. Reference was made, during the argument upon commissions, to a discussion over a compromise allowance of $18,000. This was merely tentative and never consummated. The trustee is not bound nor affected by this, as he was not present at the conference, and declined to accept the suggestion. In fixing the allow-

12

ance by way of compensation the court does not consider that conference, and is in no way affected by it; but the allowance is based entirely upon what is deemed to be proper compensation, as gathered from the amount of work done, as shown by the trustee's accounts, the amount of income and principal handled, and the results obtained. While the maximum rates of commission are fixed by the statute—in this case the maximum rate being five per cent., nevertheless, the actual rate allowed is within the discretion of the court; and the rate allowed depends upon the actual pains, trouble and risk incurred by the executor; each case is to be determined upon its own facts and circumstances. *Metcalf* v. *Colles, 43 N. J. Eq. (16 Stew.) 148; Fluck* v *Lake, 54 N. J. Eq. (9 Dick.) 638.*

In *Lyon* v. *Bird, 79 N. J. Eq. (9 Buch.) 157,* the inventory showed *corpus* $72,000; the increase was $9,000. Held, that five per cent. was excessive; that one per cent. on inventory, and two and one-half per cent. on increase, was sufficient.

*In re Hibbler's Estate, 78 N. J. Eq. (8 Buch.) 217,* the executor and trustee was allowed three per cent. on $166,000 as executor. After managing the estate for twelve years he resigned, and asked for two per cent., on the *corpus* for compensation as trustee. This was denied. The three per cent. allowed to him as executor was held excessive, and the court held that it should be deemed to cover commissions as trustee also.

Taking all the facts into consideration in this case, I think the following computation would be equitable: One and one-quarter per cent. on the total principal; two per cent. on the total income; and two per cent. on the total income, special fund, making an allowance of $18,332.35.