PAUL H. SMART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 911. Promulgated February 27, 1945.

*Julius L. Neidle, Esq.*, for the petitioner.
*Bernard J. Long, Esq.*, for the respondent.

850

OPINION.

BLACK, *Judge*: Is petitioner entitled to the relief provided for in section 107 of the Internal Revenue Code? This section was added to the code by section 220 of the Revenue Act of 1939 and has been amended by section 139 of the Revenue Act of 1942 and section 119 of the Revenue Act of 1943. Only the 1942 amendment is applicable here, and the material provisions thereof are in the margin.[1]

---

[1] Revenue Act of 1942—
SEC. 139. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE.
 (a) Section 107 is amended to read as follows:
"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE.

Since the taxable year here involved is one "beginning after December 31, 1940, and not beginning after December 31, 1941" petitioner is entitled to the relief provided for in code section 107, as amended, if at least 75 percent of the "total compensation for personal services" covering a period of sixty calendar months or more "from the beginning to the completion of such services" is received or accrued in *one* taxable year, namely, the calendar year 1941.

Petitioner, in effect, contends that the "personal services" here involved consisted only of those rendered as trustee in looking after the corpus; that the "total compensation" received therefor was $73,197.93; that "such services" began on May 21, 1933, and were completed on October 7, 1940; that not only at least 75 percent of the total compensation was received in 1941, but 100 percent was thus received; and that petitioner is, therefore, entitled to the relief provided for in code section 107, as amended.

The respondent contends that the "personal services" here involved consisted of those rendered as trustee in looking after the corpus and in collecting the income of the Walter G. Ladd estate, of which he was one of the trustees; that the "total compensation" received therefor was $182,227.38 ($29,418.32 of which was received in 1937, $24,958.08 in 1940, $87,082.43 in 1941, $20,645.33 in 1943, and $20,123.22 in 1944); that "such services" began on May 21, 1933, but were not completed until February 7, 1944, the date petitioner's resignation as trustee was accepted; that considerably less than 75 percent of the total compensation was received in one taxable year, namely, the calendar year 1941; and that, therefore, petitioner is not entitled to the relief provided for in code section 107, as amended.

The vital factor upon which this controversy turns is whether in determining the "total compensation for personal services" for the purposes of this case, we should consider only those rendered by petitioner as trustee in looking after the corpus, or whether we should also consider in this same connection those rendered by petitioner as trustee in collecting the income. Petitioner contends that for the purposes of

"(a) Personal Services.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

\* \* \* \* \* \* \*

"(c) Fractional Parts of a Month.—For the purposes of this section a fractional part of a month shall be disregarded unless it amounts to more than half a month, in which case it shall be considered as a month."

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1940, but with respect to a taxable year beginning after December 31, 1940, and not beginning after December 31, 1941, the period specified in such subsection shall be sixty months in lieu of thirty-six months, and the percentage specified in such subsection shall be 75 per centum in lieu of 80 per centum.

code section 107, as amended, the services rendered in looking after the corpus should be considered separately from those rendered in collecting the income; that the two are not to be considered together for the purpose of applying section 107. The respondent contends otherwise and relies upon our decision in *Harry Civiletti*, 3 T. C. 1274, on review by Circuit Court of Appeals, 2d Circuit.

The *Civiletti* case involved a trustee of two trusts governed by New York law. The taxable year involved was the calendar year 1940 and the statute involved was code section 107 as added by section 220 of the Revenue Act of 1939, which required that not less than 95 percent of the compensation be paid upon completion of the services in order that the section be applicable. The trustee began his services in 1929 and from 1929 to 1940 he had received at least $17,000 "for receiving and paying out the income of the trusts." In 1940 he also received $31,025.12 "for receiving and paying out principal." We held that there could be no separation of his two principal duties as trustee so as to bring the compensation received for one within the limits laid down by code section 107; that all amounts received by the trustee were received by him as compensation for his services as trustee; and that, since he did not receive at least 95 percent thereof in 1940, he was not entitled to the benefit of section 107.

Petitioner contends that the *Civiletti* case is not in point:

\* \* \* because under the laws of the State of New York and the decided cases, the principal commissions allowed a New York trustee has no relation to or bearing upon the amount of work performed or the period covered, that is to say, i. e. the trustee will receive the same amount of principal commissions for the most perfunctory of services covering for a period of a month as he will receive for the most complicated services covering a period of ten years. In the State of New Jersey there is no such pro forma allowance to a trustee for services rendered in connection with the principal of the trust, and on the contrary his compensation is measured by the nature and extent of the work he has performed during the particular and distinct period for which he has completed this work and for which he asks an allowance.

For the purposes of the application of code section 107, as amended, we do not think it is material upon what basis the corpus commissions are paid. Such commissions, whether automatic under the New York law, as petitioner contends, or whether only within the discretion of the judge in the State of New Jersey, as he contends, are parts of his compensation as trustee and must be treated as such in applying section 107. We, therefore, do not agree with petitioner that the *Civiletti* case is not in point. We think it is in point and is also controlling. Petitioner was rendering services, as a trustee, of a varied character. He collected the income and looked after the corpus and was compensated therefor. We hold that, in determining whether petitioner is entitled to the relief provided for in code section 107, as amended, the "total compensation for personal services"

factor must include the commissions received by petitioner as trustee for collecting the income as well as for looking after the corpus. *Harry Civiletti, supra.* On the basis of that holding it is apparent that, regardless of whether "such services" were completed in 1940 or later, less than 75 percent of the total compensation was received in the taxable year 1941. If we regard the date of October 7, 1940, the date of the death of Willets, as the date of the completion of personal services for looking after corpus, as petitioner contends, for the purposes of section 107, the result is the same. The $87,082.43 which petitioner received as commissions in 1941, which includes the $73,197.93 for looking after corpus to the date of Willet's death, was not 75 per centum of petitioner's compensation for personal services received up to 1941. Only by excluding the $29,418.32 which petitioner received in 1937 and by excluding the $24,958.08 which petitioner received in 1940 for collecting income, can the result contended for by petitioner be reached. We do not understand petitioner to contend otherwise. As we have already stated, we see no basis for this exclusion. In this important respect the instant case is clearly distinguishable from *Slough* v. *Commissioner*, 147 Fed. (2d) 836, reversing *Frank M. Slough*, 3 T. C. 565. The *Slough* case, as we construe it, has no application to the instant case.

We, therefore, sustain the respondent's determination. It thus becomes unnecessary to determine when the services were completed.

*Decision will be entered for the respondent.*