## SMART v. COMMISSIONER OF INTERNAL REVENUE.

### No. 100.

Circuit Court of Appeals, Second Circuit.

Dec. 6, 1945.

334

Julius L. Neidle and Neidle & Taylor, all of New York City, for petitioner.

Harry K. Mansfield and Samuel O. Clark, Jr., Asst. Attys. Gen., and Sewall Key, Robert N. Anderson, and Muriel S. Paul, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This appeal involves the petitioner's income tax for the year 1941, and the question is whether § 107 of the Internal Revenue Code, as amended by § 139 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Code, § 107, covered his receipt in that year of certain commissions as trustee. He was one of two trustees under the will of a resident of New Jersey who died in 1933, leaving an estate of over $10,000,000 made up of securities and other personal property, together with two pieces of real estate: one in New Jersey, and the other in Maine, neither of which produced any income. The testator directed the trustees to keep up the real estate while his widow lived, as he had been accustomed to keep it, which cost them more than $130,000 a year. The widow was the beneficiary of all the property during her life, and as such was entitled to occupy the real property; and upon her death the trustees were to dispose of the whole estate in ways not relevant to the question at bar. The taxpayer's co-trustee died in 1940, and he himself resigned in 1944; but the commissions here involved were all received in 1941 by virtue of a decree of the New Jersey Prerogative Court upon an intermediate accounting. They were of two kinds: the first, computed "on corpus for services rendered * * * from May 21, 1933, the date on which said trust was set up, until October 7, 1940; said allowance to be paid * * * out of the foregoing balance of principal"; the second, "at the rate of 5% * * * on income collected * * * during the period from October 31, 1937 to October 15, 1940." The reason why no commissions were awarded upon income before 1937 was that on December 28, 1937, the trustees had already been awarded commissions upon income up to that date. The commissions upon principal were less than three times the sum of the commissions upon income for the two periods, so that subdivision (b) of § 139 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Acts, did not apply, if both commissions on principal and on income were treated as paid upon a single set of services. Thus, the case turns upon whether the services

for which the capital commissions were awarded were separable from those for which the income commissions were awarded. The Commissioner and the Tax Court decided that they were not separable, and computed the taxpayer's income without the benefit of § 107.

It is of course often possible to divide a trustee's services into entirely separate parts. He may hold Whiteacre and Blackacre, and, not only keep separate accounts, but not devote any time to them in common. Perhaps it may be at times possible to say, even of the services given to a single parcel of property, that some are devoted exclusively to the production of the income, and the rest to the production and improvement of the principal. But ordinarily that is not even measurably true; the services of a trustee at once protect and improve the principal, and that protection and improvement in turn protect and increase the income; and their independent effect upon each cannot be disentangled. Except in rare instances, the only services which can truly be allocated to income as opposed to principal are those required actually to distribute earned income, relatively a trifling matter. When a court comes to award commissions to a trustee for his services, it does indeed divide the burden, because the services have inured to the benefit of both the life tenant and the remainderman, who for that reason ought to share the cost. But in so doing the court does not even impliedly try to separate the services into those which have benefited the income and those which have benefited the principal; on the contrary it divides the cost, either by some rule of thumb, statutory or judge-made, or according to the supposed benefit, or in some other of the ways which courts are accustomed to measure the incommensurable.

■■ Thus, the issue here really comes down to whether, when Congress declared that "compensation" paid at once for "services" rendered over a period of years might be spread over the whole period, a division of the burden necessarily marks a division of the services themselves. It is true that one underlying purpose of § 107 was to relieve fiduciaries of the high surtaxes which they cannot avoid, since courts will not entertain repeated accountings. Furthermore, although it is true that a trustee does not earn his commissions de die in diem,

but only after he has succeeded in satisfying the court upon an accounting as to his stewardship, yet it is natural to think of what he then receives as having been earned progressively. On the other hand, the section is an exemption and as such must submit to close scrutiny; and—what is more important—Congress has been sparing in the relief given. In its original form, § 107 was limited to cases where the whole job or "undertaking" had been completed, as we have just held in Civiletti v. Commissioner, 152 F.2d 332. Moreover, the services had to cover five years and the payment be ninety-five per cent. In these respects the relief has been enlarged: the job need not be "completed," the services need be for only three years; the payment need be only eighty per cent. Yet in one respect its scope has been restricted, at least if Slough v. Commissioner, 6 Cir., 147 F.2d 836 was rightly decided; for now "the total compensation" must be "received or accrued in one taxable year." Moreover, the retroactive provision of § 139 of the Revenue Act of 1942—subdivision (b) —which applied only to the year 1941, kept the existing period of five years, but reduced the percentage of the total from ninety-five to seventy-five, even less than that provided for 1942 and afterwards.

■ From all this it appears that we have to deal with a statute which not only has been amended, but amended with a precision which, it seems to us, should forbid any assumption that it is infused with a broad purpose, which we should ramify as the occasion may demand. Although the question is not free of doubt, in the absence of some authoritative ruling to the contrary, we think that, unless the state court bases its awards of commissions upon income and principal upon a corresponding separation of services, in applying § 107 both payments should be brought into a hotchpot and the prescribed percentage computed accordingly. There is nothing in the New Jersey decisions to indicate that the courts of that state proceed upon any such assumption. Indeed, there is perhaps a suggestion in Van Houten v. Van Houten, 45 N.J.Eq. 796, 18 A. 842, that the capital and income commissions are correlatives; and, if we read Marsh v. Marsh, 82 N.J.Eq. 176, 87 A. 91, right, the Vice Chancellor weighed the total services against the commissions from all sources.

Order affirmed.