J. MACKAY SPEARS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6823. Promulgated December 4, 1946.

*Prew Savoy, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

OPINION.

ARNOLD, *Judge*: The issue is whether section 107 of the Internal Revenue Code, as amended by section 139 of the Revenue Act of 1942,[1] is applicable to the payment of $30,000 received by petitioner in 1941 for services as superintendent of construction on a paving project at Temple Terrace, Florida, undertaken by Highway Engineering & Construction Co. in 1925. The section affords relief to taxpayers who receive in one year a large amount as compensation for personal services over a period of years and would otherwise have to pay higher surtaxes than if the amount had been received ratably over the period covered by the services. With respect to payments received or accrued in a taxable year beginning in 1941, the amount must be at least 75 per cent of the total compensation for the services and the period from the beginning to the completion of the services must be at least 60 calendar months, if the statute is to apply. The amount received by petitioner in the taxable year was more than 75 per cent of his total compensation for services in connection with the Temple Terrace job alone, but less than 75 per cent of his compensation for personal services in the employ of the Highway Engineering & Construction Co. from 1924 through 1929 under his first contract of employment. The question is whether the statute applies with respect to compensation for services performed on an individual job where several jobs are performed under the same contract.

Petitioner contends that the "personal services" to which the compensation relates are only those rendered in connection with the Temple Terrace job; that the "total compensation" received was the amount of $34,678.75 paid him with respect to that job, of which $30,000, or more than 75 per cent, was received in 1941; that such services began in 1925 and were completed in 1941; and that, therefore, he is entitled to apply section 107 in computing his tax for 1941.

---

[1] (a) Section 107 is amended to read as follows:

"SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE.

"(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

 * * * * * * *

(b) The amendment made by subsection (a) shall be applicable to taxable years beginning after December 31, 1940, but with respect to a taxable year beginning after December 31, 1940, and not beginning after December 31, 1941, the period specified in such subsection shall be sixty months in lieu of thirty-six months, and the percentage specified in such subsection shall be 75 per centum in lieu of 80 per centum.

In *Harry Civiletti*, 3 T. C. 1274; affd., 152 Fed. (2d) 332, the taxpayer, as trustee, received annually compensation for services in receiving and paying out income, and in the tax year received compensation for services in receiving principal. He sought to establish a separation of his duties so as to bring the latter compensation within the purview of section 107. We observed that there was but one appointment, one trust, and one employment, and concluded that the trust did not consist of separate parts, separately compensative.

In *Paul H. Smart*, 4 T. C. 846; affd., 152 Fed. (2d) 333, the taxpayer, as trustee, received in 1941 compensation allowed by the court for services from 1933 to 1940 in looking after the corpus of the trust. He performed services also in collecting the income of the trust, for which he was separately compensated. We held the *Civiletti* case was controlling, that the services of the trustee were not severable, and that section 107 was not applicable as the payment in 1941 was not 75 per cent of the total compensation for all the personal services of the trustee.

In *Julia C. Nast*, 7 T. C. 432, a physician received in 1943 payment of the balance due on a running account which began in 1934. Payments were made thereon in 1937, 1939, and 1940. We held that the period from 1939 to 1943 could not be severed for the purpose of applying section 107, that the total compensation from the beginning to the completion of the services meant the compensation for the entire period from 1934, and that the percentage requirement was not met.

In the present case the petitioner received a fixed salary. His services involved bidding on prospective paving projects and if a bid was accepted the contract was awarded to the company. Petitioner then supervised the work and gave what assistance he could to the collection of the amount due. If a profit resulted to the company on the project, petitioner was to receive 10 per cent thereof in addition to his salary. He supervised several construction jobs in the years 1924 to 1929 under this arrangement. On some of these there were no net profits. His fixed salary was payable in any event. While a portion of the salary was taken from a bank account set up for the project and was charged against the contract price, that was a matter of accounting necessary to ascertain the net profits from which his share thereof could be determined.

We think the issue must be resolved against the petitioner. The statute may be invoked where the taxpayer receives in one taxable year a certain percentage of the *total compensation for personal services* covering a period of stated duration. The petitioner was employed on a full time basis and did not have a separate contract with the company for each individual project. His "total compensation for personal services" under his employment contract was his

entire salary, together with his share of the profits of the several projects he supervised which resulted profitably. The amount of his compensation charged to or derived from a specific project was but a part of his "total compensation for personal services." Under his contract he received $21,861.41 from 1924 to 1929. In 1929 he entered into a new contract providing for 25 per cent of the profits, as well as a fixed salary. The $30,000 received in 1941 under the terms of his 1924 contract was less than 75 per cent of his total compensation for personal services under that contract. We sustain the respondent's determination that section 107 is not applicable.

The petitioner, in his amended petition, claims an overpayment of $157.92 due to an error in computing his tax. Our decision will result in no overpayment. If an error in computation was made, it will be taken care of in a recomputation under Rule 50.

*Decision will be entered under Rule 50.*