ALFRED J. LOEW, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29639. Promulgated February 15, 1952.

*Alfred J. Loew, pro se.*
*William G. O'Neill, Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* Petitioner's theory in claiming the benefits of section 107 is that his services for the estate during the period October 7, 1940, to April 4, 1944, are to be treated separately from the services for the period beginning with his appointment as attorney and extending through October 7, when he filed his first petition for the allowance of fees. The $5,000 he received for the services rendered during the first period, argues petitioner, is not to be added to the $3,500 for the second period services. Thus he would avoid the 80 per cent provision of the statute.

On this theory petitioner hopes to escape the effect of *Ralph E. Lum*, 12 T. C. 375, and the cases which have followed it. Those decisions, according to petitioner, went the way they did because there was nothing in the records "to permit the segregation of any part of the services," quoting *William J. Morrison, Jr.*, 12 T. C. 709, 713.

We do not think those decisions are to be so narrowly interpreted. Here, petitioner was acting as attorney for an estate over a period of four and a half years. He gave attention to a number of legal matters, separate matters to be sure, but all involving the business of the estate. There was nothing in his employment requiring him to file petitions for the allowance of fees at any particular time. So far as the record goes, he could do this at times to suit his own convenience. When he did do so he set out the matters for which he was charging generally, but in some detail, and made a lump sum charge for the aggregate. As stated in the *Lum* decision, *supra*, at page 379:

In the case of services of a homogeneous nature and covering a continuous period, it took more in the *Nast* [*Julia C. Nast*, 7 T. C. 432] case than the mere rendering of a bill to mark the beginning of the period of services, just as here it takes more than the rendering of an account to mark their end.

Apparently that would have ended the matter in *Lum* "unless the services themselves were divisible." In considering this phase of the question we think our decisions in *William J. Morrison, Jr., supra*, and *Julia C. Nast, supra*, the first involving the fees of attorneys for a receivership and the second fees for medical services extending over a period of years, are controlling. In neither case was the petitioner allowed the benefits of section 107.

Here, petitioner was employed as attorney by the executors in 1939 and continued in that capacity at least through April 4, 1944. He

handled whatever legal matters arose during that period involving the estate. On October 7, 1940, he petitioned the Surrogate for an allowance of fees for the aggregate of his services rendered to that date. His employment as attorney for the executors continued, however, and on April 7, 1944, he again petitioned the Surrogate for an allowance of fees, this time for the aggregate of services performed between October 7, 1940, and April 4, 1944. We are of the opinion that in deciding whether section 107 is applicable we must treat his services as extending over the entire period of his employment as attorney for the executors. For this purpose we do not think the period of service is to be broken up by the simple expedient of filing a petition for fees. Accordingly, the amount of $3,500 received in 1944 did not amount to 80 per cent of the total compensation which he received as such attorney and petitioner is not entitled to the benefits of section 107.

*Decision will be entered for the respondent.*