W. HAROLD WARREN AND LILIA L. WARREN, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40393. Promulgated May 19, 1953.

---

*Robert V. Carton, Esq.*, for the petitioners.
*John J. Hopkins, Esq.*, for the respondent.

OPINION.

Black, *Judge:* The issue here involved may be stated thus: In construing the phrase "total compensation for personal services" for the purpose of applying section 107 (a) of the Code, are commissions received by a trustee of a trust governed by New Jersey law severable as between commissions received for collecting income and those received for administering corpus? The applicable statute is printed in the margin.[1]

As will be seen from our Findings of Fact petitioner collected in 1947 as surviving trustee of the estate of T. Frank Appleby, deceased, commissions covering corpus and collection of income which aggregated $11,057.73. Petitioner had also collected in prior years other

---

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) Personal Services.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

commissions as trustee of the same estate so that the total of the commissions which he collected for his services, including those collected in 1947, aggregated $18,293.72. The total of $11,057.73 which he collected in 1947 would not be "at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more" as those words are used in section 107, if the commissions are lumped together. Eighty per cent of $18,293.72 would be $14,634.97. Petitioner realizes that fact but he contends that the $6,662.50 commissions which he collected on corpus in 1947 should be viewed as a separate class of commissions and that inasmuch as he had not collected in prior years any commissions on corpus, he collected, in 1947, 100 per cent of that class of commissions and, therefore, is entitled to use the provisions of section 107 as to this $6,662.50. Petitioners have used that method in their joint income tax return for 1947.

We do not think there is any merit in petitioner's contention. Commissions are commissions whether they are paid on the collection of income or are based on corpus. Added together they represented petitioner's compensation for his services as trustee of the estate. We see no warrant for separating these commissions into two separate classes for the purpose of applying the provisions of section 107 of the Code. There is nothing in the statute indicating that this should be done. We so decided in *Paul H. Smart*, 4 T. C. 846. In that case we held that in deciding whether a taxpayer is entitled to the relief provided for in section 107, as amended, the "total compensation for personal services" as that term is used in the Code must include both the commissions for collecting income and also commissions for looking after the corpus. That case involved commissions paid to a trustee of a New Jersey trust under circumstances which we think are not distinguishable from those which are present in the instant case. Our decision was affirmed by the second circuit in *Smart* v. *Commissioner*, 152 F. 2d 333, certiorari denied 327 U. S. 804.

The petitioner, however, contends that the *Smart* case, *supra*, was wrongly decided. Says petitioner in his brief: "*Smart* v. *Commissioner of Internal Revenue*, 152 F. (2d) 333 (2CCA) 1945, does not correctly state the law of New Jersey and is not controlling in regard thereto." It should be kept in mind that it is not a statute of New Jersey which we are construing. It is an act of Congress as embodied in section 107 of the Code and that section, we think, was properly construed in the *Smart* case. This case has been adhered to by the courts on several subsequent occasions. See *Spears* v. *Commissioner*, (C. A. 3, 1947) 164 F. 2d 486, affirming 7 T. C. 1271; *George J. Hoffmann, Jr.*, 11 T. C. 1057; *Ralph E. Lum*, 12 T. C. 375; *Rosalyne A. Lesser*, 17 T. C. 1479; *Alfred J. Loew* v. *Commissioner*, 201 F. 2d 368, affirming 17 T. C.

1347. We are altogether unconvinced by petitioner's argument that the *Smart* case, *supra*, was wrongly decided. We adhere to it and decide the issue involved in favor of respondent.

*Decision will be entered for the respondent.*