*Decisions will be entered under Rule 50.*

LESLIE W. IRVING AND RUTH L. IRVING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAMUEL J. CHASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JEANNETTE S. CHASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 56169, 56183, 56230. Filed December 6, 1955.

*Leslie W. Irving, Esq.*, for the petitioners.
*John Potts Barnes, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* In Docket No. 56169, respondent determined a deficiency in the income tax of petitioners Leslie W. Irving and Ruth L. Irving for the year 1952 in the amount of $19,468.06.

In Docket Nos. 56183 and 56230 respondent determined deficiencies in the income tax of petitioner Jeannette S. Chase and petitioner Samuel J. Chase for the year 1952 in the respective amounts of $2,014.40 and $2,155.78.

These cases were consolidated on joint motion and were submitted to the Court under Rule 30 upon a complete stipulation of facts.

The issue presented by the parties is whether petitioners are entitled to apply the provisions of section 107 (a) of the Internal Revenue Code of 1939 to payments received by Leslie W. Irving and Samuel J. Chase in 1952 from the estate of George L. Leiter, administered in the State court of California, for services rendered by them in connection with litigation instituted in a California court by Chase, one of the executors of the estate, against the decedent's widow and his co-executor, in which Irving was engaged as counsel, when such payments were in amounts less than 80 per centum of the total amounts received from the estate respectively by Chase as executor's commissions and by Irving as attorney's fees. In his brief respondent says: "Respondent's denial of the application of section 107 (a) is based on the ground that the 80 per cent condition of the statute has not been met." As the case has been presented to us, that is the sole issue for the Court to decide.

We find the facts to be as stipulated and incorporate herein by this reference the stipulation of facts and exhibits attached thereto.

In order to give a factual background to our discussion of the issue presented in these proceedings, we shall set out a short resumé of the facts stipulated. Necessarily, some of the facts contained in the long stipulation and the numerous exhibits are omitted from this resumé but such omission is not to be taken as an indication that we have not given due consideration to every fact established on the record.

Petitioners in Docket No. 56169 are husband and wife residing in California and filed their joint return for the period here involved with the collector of internal revenue, San Francisco, California.

Petitioners in Docket Nos. 56183 and 56230 are husband and wife, residing in California, and filed separate returns for the period here involved with the same collector of internal revenue.

Petitioner Leslie W. Irving (hereinafter referred to as Irving) and petitioner Samuel J. Chase (hereinafter referred to as Chase), are lawyers.

One George L. Leiter died on January 23, 1947. A short time before his death he and his wife Ida signed a contract in the form of a joint will which provided that all of their property, regardless of how it was held or its nature when acquired, "shall be deemed to be community property." At that time the property had the approximate value of $350,000 which included property held in joint tenancy or otherwise apparently payable to the survivor of the total approximate value of $293,500, including joint bank accounts, annuities, United States savings bonds (Series G), and real estate.

By decedent's will Chase and decedent's daughter, Burdeitta L. Forrest, were named executors and testamentary trustees and were appointed as such executors by the proper California court on February 11, 1947. One Charles W. Snook was the sole attorney for the executors from the date of their appointment until May 14, 1948, the day before he took office as judge of the California Superior Court to which he was appointed on April 12, 1948.

After decedent's death his wife, Ida, as survivor, claimed the properties held in joint tenancy or otherwise apparently payable to the survivor while Chase contended that since the contract above referred to converted all of the property of decedent and his wife into community property, the executors were entitled to possession of all the property and Ida was entitled by the terms of the contract to only the income therefrom.

This dispute could not be settled amicably and Chase could not get a ruling on the matter from the Probate Court. Therefore, on September 3, 1947, Chase filed an action in the Superior Court of California titled "Complaint for Declaratory Judgment and Equitable Relief for Possession of Real and Personal Property, and to Quiet Title thereto and for Injunction and Accounting," in which Ida Leiter was named defendant and Burdeitta L. Forrest was also named defendant because she had refused to join with Chase as a plaintiff. This action was filed on behalf of Chase by "Chas. Wade Snook, Attorney for plaintiff." Ida was represented by counsel and Burdeitta was represented by other counsel.

On April 12, 1948, the day on which Snook was appointed judge, the case of Chase v. Leiter was set for trial on May 4, 1948.

"On April 15, 1948, petitioner Samuel J. Chase entered into an agreement with petitioner Leslie W. Irving which provided in sub-

stance that Leslie W. Irving would handle the case of *Chase* v. *Leiter* for said Samuel J. Chase, that compensation for services rendered by Leslie W. Irving would be contingent on success in this litigation and subsequent approval of a petition for compensation by the Probate Court and that said Leslie W. Irving would assist in presenting said petition for compensation to the Probate Court."[1]

From April 15 to May 4, 1948, Irving prepared the case for trial and, among other services performed, he assembled the evidence and prepared a 75 page trial brief. On April 24, he was formally associated as attorney for the plaintiff in this case, which was tried on May 4, May 5, June 25, and October 4, 1948, and February 11, 1949.

On May 14, 1948, Irving was substituted for Snook as attorney for the executors of the estate of George L. Leiter.

The judgment of the trial court in the case of Chase v. Leiter gave substantial support to Ida's contentions but an appeal was taken and the decision of the court of appeal fully recognized the contentions of Chase.

Thereafter, on September 27, 1950, a petition for compensation for extraordinary services rendered by Chase and Irving in connection with the case of Chase v. Leiter was filed in the appropriate court. Hearings on this petition were held on November 1, December 6, and December 13, 1950, and January 10, 1951, and the matter was continued on eleven occasions from February 1, 1951, to July 25, 1951, at which time the court suggested defects in the petition and the filing of an amended petition. Hearings were held on the amended petition, after proper notices, on December 7, December 18, December 19, and December 20, 1951, and January 31, 1952. On February 14, 1952, the court signed an order finding that Chase and Irving in connection with the case of Chase v. Leiter "performed extraordinary services and were and are respectively entitled to extra compensation therefor out of said estate" in the amount of $22,500 for Chase and $45,000 for Irving, which amounts were paid to each of them later in the year, the payment to Chase being made on May 28 and the payment to Irving on September 8.

"The services rendered by petitioner Leslie W. Irving in connection with the case of *Chase* v. *Leiter* and the petition for compensation for extraordinary services were personal services and said services embraced the following, among others: Preparation for the trial of the case of *Chase* v. *Leiter*, trial, preparation of briefs, various Court appearances, appeals from Trial Court's decision, argument in Appellate Court, briefs for Appellate Court, preparation of petition for compensation for extraordinary services rendered in connection

---

[1] Quoted from stipulation.

with the case of *Chase* v. *Leiter*, various appearances before the Probate Court, preparation of briefs and memoranda." [2]

"The services rendered by petitioner Samuel J. Chase in connection with the case of *Chase* v. *Leiter* and the petition for compensation for extraordinary services were personal services and said services embraced the following, among other things: Endeavors to resolve the Chase v. Leiter controversy through negotiations with Ida Leiter and Burdeitta L. Forrest, Probate Court procedures, correspondence with the Treasury Department; the filing of suit; conference with attorneys and opposing counsel; selection of counsel; preparation for trial, appearance as a witness in the *Chase* v. *Leiter* trial; review of briefs, pleadings and Court decisions; appeal from Trial Court's decision; review of Appellate briefs and Appellate Court's decision; conferences with his attorney in connection with proceedings for extra compensation for extraordinary services rendered in connection with the case of *Chase* v. *Leiter;* review petition for compensation, data and briefs; conferences with witnesses; appearance as witness at the trial of petition for compensation for extraordinary services rendered in connection with the case of *Chase* v. *Leiter*." [2]

In May 1950 an important tax matter came up in connection with the Federal income taxes of decedent for the years 1941 to 1946. The revenue agent proposed additional taxes which with interest would have amounted to over $200,000. The matter was settled by the payment of tax in the amount of $46,410.14.

Substantial services were also rendered to the estate by Chase and Irving in connection with the refund of Federal estate taxes, with State inheritance and income taxes and with petitions for partial distribution.

A petition for allowances for extraordinary services in connection with these tax matters and partial distributions was filed by Chase and Irving on June 29, 1953, and after due hearing the court ordered payment to Chase of $20,000 and to Irving of $40,000 on account of such extraordinary services.

On October 10, 1950, the Probate Court "ordered payment on account of executors' statutory fees and commissions and statutory attorneys' fees as follows: to Samuel J. Chase, executor the sum of $2,200.00, to Burdeitta L. Forrest, executrix, the sum of $2,200.00, to L. W. Irving, attorney, the sum of $4,400 as a portion of the statutory attorneys' fees and compensation." From the latter amount Irving paid $1,500 to Snook.

The statutes of California provide that "the executor or administrator must take into his possession all the estate of the decedent,

---

[2] Quoted from the stipulation.

real and personal, and collect all debts due to the decedent or to the estate." Although the situation faced by Chase in his efforts to take into his possession as executor all of the estate of the decedent presented unusual difficulties, his services in this regard were undertaken pursuant to his duties as such executor, and were properly paid for by the estate by an allowance to "be made as the court may deem just and reasonable for * * * extraordinary services, such as * * * litigation in regard to the property of the estate * * *," in addition to regular percentage commissions provided by statute. All of his services compensated by the estate were services rendered by him as executor. In our opinion no part of these services can be treated separately with regard to the application of section 107 (a),[3] *Alfred J. Loew*, 17 T. C. 1347; even though compensated for as "extraordinary services," *Rosalyne A. Lesser*, 17 T. C. 1479. See also, *Norcross v. United States*, 114 F. Supp. 51, affd. 222 F. 2d 209. Since the compensation received by Chase in the taxable year was less than 80 per centum of the total compensation received by him for his personal service as executor of the Leiter estate, he is not entitled to apply the provisions of this section to such compensation.

However, we reach a different conclusion with regard to the compensation received by Irving during the taxable year because of the peculiar circumstances incident to his employment by Chase to act as counsel for him in the case of Chase v. Leiter. At the time of his employment he was not the attorney for the estate, but was engaged by one of the executors to act as *his* attorney in that specific litigation, on a contingent basis dependent on the success of that litigation. It is true that another contingency was the approval of Irving's petition for compensation by the Probate Court, in the event that the litigation proved successful and it is also true that Irving later became attorney for the estate, but his right to a fee arose not because of his employment as attorney for the estate but because of his employment by Chase to represent him in that particular lawsuit at a time before he became attorney for the estate and with his fee being dependent on the success of that lawsuit. These circumstances, in our opinion, make his services in connection with this litigation divisible from his other services rendered as attorney for the estate under the rationale of *Estate of Marion B. Pierce*, 24 T. C. 95. Therefore the fact that the compensation received by him for his

---

[3] Sec. 107. (a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

services in connection with the case of Chase v. Leiter was less than 80 per centum of the total payments made to him by the estate of Leiter does not preclude the application of section 107 (a) to the compensation received by him in the taxable year.

*Decision will be entered for respondent in Docket Nos. 56183 and 56230.*

*Decision will be entered for petitioners in Docket No. 56169.*