OPINION. Raum, Judge: The principal issue relates to the commission of $30,666.67 paid by Mutual to R. B. Wattley Co. Inc. in 1951, and distributed by the latter to petitioner during the same year. The petitioner contends that R. B. Wattley Co. Inc. was merely a “dummy” or “front” used by him in carrying on his business as a real estate broker; that the $30,666.67 was a commission received by him for services which he rendered over a period of 19 years and 9 months as an individual and not as a representative of his wholly owned corporation; and that under the provisions of section 107 (a) of the Internal Revenue Code of 1939 [1] he is entitled to spread this commission over the period during which the services were rendered. In urging that R. B. Wattley Co. Inc. was merely a “dummy” or “front” used by him in carrying on his individual business as a real estate broker, the petitioner is, in effect, asking this Court to disregard the corporate entity. This we cannot do. It was organized for the purpose of acting as agent or broker and leasing, managing, or selling real property. In 1931 petitioner purchased all of its stock. Thereafter it realized income, maintained a bank account, held corporate meetings, hired employees, paid salaries and other expenses, engaged in the real estate business in its own name; and petitioner, its president, treasurer, and a member of its board of directors, acted as its representative in the conduct of this business. Having elected to conduct a real estate business through the medium of a wholly owned corporation, the petitioner must accept the tax disadvantages of such a choice, and may not now “be heard to disavow the corporate existence” and allege that R. B. Wattley Co. Inc. was merely a “dummy” corporation. Moline Properties, Inc. v. Commissioner, 131 F. 2d 388, 389 (C. A. 5), affirmed 319 U. S. 436. Cf. National Investors Corporation v. Hoey, 144 F. 2d 466-468 (C. A. 2); Paymer v. Commissioner, 150 F. 2d 334, 336-337 (C. A. 2). The evidence does not support petitioner’s contention that the commission for the leasing of the Fifth Avenue property was paid for brokerage services rendered by him as an individual. Letters written by petitioner to both Mutual and Manufacturers attempting to negotiate the lease were consistently written on the stationery of R. B. Wattley Co. Inc.; the letter of December 17, 1943, from petitioner to R. B. Wattley Co. Inc. refers to negotiations pending in which the latter was “acting as broker,” to pending negotiations or transactions being continued in its name as broker, and to claims of petitioner against it for his services as its representative in these transactions; the letters of January 12, 1944, January 20, 1944, and April 10, 1944, recognize that R. B. Wattley Co. Inc. and Charles F. Noyes Co., Inc., were the sole brokers involved in the lease transaction and entitled to any commission payable by Mutual; the assignment of June 7, 1948, from R. B. Wattley Co. Inc. to petitioner refers to “the amount due or to become due the said R. B. Wattley Co. Inc. for brokerage commission” in connection with the lease of the Fifth Avenue property as the subject matter of the assignment; and the check for the commission of $30,666.67 was sent by Mutual to R. B. Wattley Co. Inc. This, and other evidence, convinces us that the commission was paid for services rendered by R. B. Wattley Co. Inc., through the petitioner as its representative. In order for section 107 (a) to be applicable to the $30,666.67 received by petitioner in 1951, it was incumbent upon him to prove that this amount represented at least 80 per centum of the total compensation for personal services covering a period of 36 calendar months or more (from the beginning to the completion of such services) . In a computation attached to his 1951 return, it is stated that this amount was received “for work in disposing of a real estate property which work was commenced on May 22,1931, and completed February 15, 1951.” The “work,” as heretofore noted, consisted of services performed by petitioner as a representative of R. B. Wattley Co. Inc. According to petitioner’s income tax returns, he received income from that corporation during the years 1931 to 1943 inclusive totaling not less than $68,323.45. With two exceptions,[2] this income was reported in his returns for those years as either “Salary, Wages, and Compensation for Personal Services” or “Salaries, Wages, Commissions, Fees, etc.” received from R. B. Wattley Co. Inc. In February 1951, he received from it the $30,666.67 here involved. This amount did not represent at least 80 per centum of the total compensation for personal services received by him from R. B. Wattley Co. Inc. during the period 1931 to 1951, inclusive, because in addition thereto he received from it for services performed in its behalf not less than $68,323.45. In the circumstances the $30,666.67 received in 1951 is not entitled to the benefits of section 107 (a). Cf. J. Mackay Spears, 7 T. C. 1271, affirmed 164 F. 2d 486 (C. A. 3); Smart v. Commissioner, 152 F. 2d 333 (C. A. 2), affirming 4 T. C. 846, certiorari denied 327 U. S. 804; George E. Reynolds, 26 T. C. 1225, 1237, affirmed 249 F. 2d 259 (C. A. 4); Harry Boverman, 10 T. C. 476, 481. In view of the conclusion that we have reached above, it becomes unnecessary to consider other contentions made by the Government as to the inapplicability of section 107 (a). An issue in respect of liability for self-employment tax in the amount of $81 has become moot in view of a concession made by the Commissioner on brief. Decision will be entered under Rule 50. SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY. (a) Personal Services. — If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be' greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual. In his return for 1942, he reported $50.15 received from R. B. Wattley Co. Inc. in “Schedule I. — Income from partnerships, fiduciaries, and other sources.” In his 1934 return, the source of the income of $9,711 reported as “Salaries, Wages, Commissions, Fees, etc.” is not disclosed.